■ WILBUR POKRAS et al., Appellants, v TOWN OF BABYLON et al., Respondents.—In an action, *inter alia,* for injunctive relief and to recover damages for destruction of property, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Tannenbaum, J.), entered October 23, 1987, which denied their motion for summary judgment and, upon searching the record, granted summary judgment to the defendants dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

In January 1977, the defendant Town of Babylon (hereinafter the Town), entered into a lease with the plaintiffs for a certain lot situated on Oak Beach located in, and owned by, the Town. Thereafter, in September 1981, the plaintiffs made application to the Town seeking permission to construct a 39-foot dock which would extend into the waters of the Fire Island Inlet, which application was granted. By virtue of a lease amendment in 1981, the premises originally leased by the plaintiffs from the Town were expanded to include a nonexclusive easement running from the original lot to the waters where the dock was later built by the plaintiffs.

Significantly, the parties' lease states, in pertinent part, that the tenant shall not "make any alterations, additions or improvements in or to the demised premises * * * without the prior written consent of the Landlord". Paragraph 13 of the lease further provides, in part, that the Town, as landlord, "shall have the express privilege and authority at all times during the continuance of this lease, to adopt from time to time rules and regulations which said rules and regulations may, among * * * other matters, regulate the use and privi-

leges respecting \* \* \* the docking of boats and the use of the dock". Finally, paragraph 13 of the lease recounts that a failure by the tenant to comply with, *inter alia,* any rules and regulations under the lease, and as issued by State, Federal or other government authorities, empowers the landlord to enter the premises and terminate the lease.

Thereafter, the plaintiffs sought permission from the Town to extend the dock approximately 33 feet so as to permit the mooring of a 22-foot sailboat. Although the Town subsequently denied three successive applications by the plaintiffs for permission to extend the dock, the plaintiffs nevertheless proceeded with construction of the dock without the Town's permission. No proceeding pursuant to CPLR article 78 was ever commenced by the plaintiffs challenging the Town's denial of their application to extend the dock. After learning that the plaintiffs had constructed the extension, the Town resolved to authorize litigation against the plaintiffs for building the extension without a valid permit. In June 1985, a contractor retained by the Town removed the extension.

The plaintiffs subsequently commenced suit against the Town seeking damages and, *inter alia,* judgment (1) directing the Town to reconstruct the dock; and (2) enjoining the Town from interfering with plaintiffs' possession of the premises. Subsequently, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, reasoning, *inter alia,* that the plaintiffs' construction of the dock extension constituted an improvement to the premises without the Town's permission, thereby violating paragraph 2 (b) of the parties' lease. We agree.

The plaintiffs contend, *inter alia,* that since the extension was built over 35 feet from the shore, it was not an addition "in or to" the easement, and therefore, written consent was not needed from the Town. We disagree. Such an argument belies the fact that the extension was built onto the original dock, which itself was an addition "in or to" the easement. Moreover, it would defy logic to hold that the dock extension was not part of the demised premises. Accordingly, the Supreme Court properly determined that the plaintiffs violated the lease by building the extension without the prior written consent of the Town. We hasten to add, however, that our determination is not to be construed as approving the Town's resort to self-help in enforcing its rights under the lease.

In light of our determination, we need not reach the plaintiffs' remaining contentions. Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.